IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL CONWAY, # M-01100, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 3:11-cv-506-MJR ) |
| WARDEN REDNOUR, WARDEN STILER, DR. CRAIG, and UNKNOWN DIETARY SUPERVISORS, | ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Darryl Conway, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc.  Plaintiff's claims are, based on two incidents that occurred while he was housed at Menard.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

The following summary of facts is drawn from Plaintiff's first amended complaint, filed on January 11, 2012.  Plaintiff alleges that on November 8, 2010, he was written a disciplinary ticket in reference to an incident that occurred while Defendant Craig (dental surgeon) was performing a tooth extraction on Plaintiff at an

undisclosed time. When Plaintiff arrived at his appointment, he alleges that Defendant Craig "was going to start drilling in my mouth with no novacaine" and Plaintiff then asked to be anesthetized (Doc. 18, p. 5). Plaintiff claims that Defendant Craig "purposely made mistakes" while operating on Plaintiff (Doc. 18, p. 5). Plaintiff lists these mistakes as: (a) "drilled holes in my lip", (b) "dropped a scalpel in my mouth", and (c) "almost put my eye out" (Doc. 18, p. 5). During the extraction, Plaintiff states that Defendant Craig's mistakes caused him pain, which led to Plaintiff pushing Defendant Craig away (Doc. 18, p. 5). Plaintiff requests compensatory and punitive damages for pain and suffering resulting from the holes drilled in his lip and subsequent "oral infections" (Doc. 18, p. 6).

Additionally, Plaintiff alleges that sometime after April 24, 2011, he was denied Kosher meals, and thus deprived of his First Amendment right to practice his religion. Plaintiff claims that after April 24, 2011, he was given vegan trays with a "Kosher" sticker on them (Doc. 18, p. 4). Instead of "black frozen Kosher trays," Plaintiff alleges he was served "food that was spoiled like fruits and lettuce" (Doc. 18, p. 5). In response to Plaintiff's requests to be served Kosher meals, he was told by the Menard chaplain that he would have to "jump through hoops" to prove his sincerity (Doc. 18, p. 5). Plaintiff was further told by an unnamed official that he was not sincere in his beliefs because he missed days of "coming to chow" (Doc. 18, p. 5). Plaintiff claims that he has paperwork allowing him to miss three days of "chow" per week due to seasonal allergies (Doc. 18, p. 5). Plaintiff also cites Deuteronomy 14 and Leviticus 11 as a means of proving the sincerity of his beliefs, but does not elaborate on if or when he gave this information to a prison official (Doc. 18, p. 5). Plaintiff requests compensatory

3

and punitive damages for deprivation of Kosher meals and subsequent weight loss. Plaintiff requests a jury trial in addition to compensatory and punitive damages totaling $275,000.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count One – Medical Malpractice**

The Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Duckworth v. Ahmad*, 532 F.3d 675, 681 (7th Cir. 2008) (failure to rule out cancer immediately in light of persistent bloody urine may have been malpractice but was not deliberate indifference). Further, the Seventh Circuit has suggested that the Eighth Amendment is not implicated when a prisoner incurs pain during a routine medical procedure. *McGowan v. Hulick*, 612 F.3d 636, 641 (7th Cir. 2010) (affirming dismissal of dental deliberate indifference claim against defendant dentist Gardner for alleged botched tooth extraction; no Eighth Amendment claim was stated despite plaintiff's allegations he endured excruciating pain, and that defendant Gardner used an ice pick to remove tooth splinters from his

4

gums). In the context of medical procedures, the defendant must either show malicious intent in performing the procedure or perform "the procedure in a way that he knew would create a substantial risk of complications." *Id.*

Thus, Plaintiff's assertions that Defendant Craig mistakenly dropped a scalpel in Plaintiff's mouth and drilled holes in his lip do not amount to a constitutional violation. Plaintiff does not allege that Defendant Craig acted maliciously when he drilled into Plaintiff's lips during the tooth extraction; in fact, Plaintiff specifically characterizes this action as a "mistake." Furthermore, the Plaintiff does not suggest that Defendant Craig proceeded with the extraction knowing that there would be a substantial risk of complications. Plaintiff asserts that he suffered from "oral infections" as a result of Defendant Craig's actions; however, the risk of infection present in any medical procedure does not amount to a "substantial risk" under the Eighth Amendment.

While Defendant Craig's missteps during the extraction may have constituted negligence or even amounted to malpractice, these mistakes do not rise to the level of an Eighth Amendment claim. Thus, Plaintiff's complaint does not state a constitutional claim against Defendant Craig, and this portion of his claim must be dismissed without prejudice to Plaintiff bringing a claim in state court, if he wishes to do so.

**Count Two – Religious Diet**

The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v.*

5

*Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). It is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990) (citing cases).

Prison officials have violated an inmate's clearly established right to practice his religion where his requests for accommodation are denied simply because the accommodations are personal to that inmate, instead of applying to the religious group as a whole. *Vinning-El v. Evans*, 657 F.3d 591, 593-94 (7th Cir. 2011) (discussing *Frazee v. Ill. Dep't of Emp't Sec.*, 489 U.S. 829, 834 (1989)). This occurs where a defendant denies an inmate an accommodation because it differs from the beliefs and practices of the religion's leaders. *Id.*

However, only those accommodations that reflect sincere religious beliefs must be granted. *Id.* ("A prison is entitled to ensure that a given claim reflects a sincere religious belief, rather than a preference for the way a given diet tastes, a belief that the preferred diet is less painful for animals, or a prisoner's desire to make a pest of himself . . . ."). To determine whether a belief is sincerely held, a prison may still "give *some* consideration to an organization's tenets." *Id.* at 594. (the more an individual's practice deviates from the orthodox practices of his faith, the less likely the practice is a sincerely held belief) (emphasis in original).

Where a defendant denies a requested accommodation on the belief that the religion in question does not require the accommodation, the plaintiff has stated a claim for violation of clearly established rights, and the defendant is not entitled to

6

immunity. But where a defendant denied the accommodation on the belief that the plaintiff requests the accommodation for non-religious reasons, there is no claim, and the defendant is entitled to immunity. *See Id.* This is true even if a judge or jury would disagree with the conclusion. *Id.*; *see also Malley v. Briggs*, 475 U.S. 335, 341 (1986) (immunity protects "all but the plainly incompetent or those who knowingly violate the law.").

Additionally, RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

Plaintiff has alleged that unnamed dietary supervisors denied him access to Kosher meals in accordance with his religious beliefs under Leviticus and Deuteronomy. Thus, to determine whether these unnamed defendants have qualified immunity in this case, the Court must consider whether the dietary supervisors made their decision to deny Kosher meals because they did not feel that Plaintiff had a sincere belief that he needed Kosher meals for his religion, or whether the dietary supervisors acted because they impermissibly relied on the tenets of Plaintiff's religious beliefs, instead of using those tenets simply as "some evidence" in the inquiry. *Evans*, 657 F.3d at 595. This is a question that cannot be answered at the threshold stage of the litigation. Further, the complaint suggests that the dietary supervisors denied

7

Plaintiff Kosher meals due to a perceived violation of a meal-time attendance requirement, rather than any particular religious tenets.

Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Therefore, this claim will be allowed to proceed against the unnamed defendants, so that the Court can make a determination as to whether the dietary supervisors based their decision solely on the tenets of Plaintiff's religion, instead of upon Plaintiff's personal religious beliefs.

**<u>Defendants Warden Rednour and Warden Stiler</u>**

Plaintiff also lists Wardens Rednour and Stiler as defendants in the caption of his complaint. However, the statement of claim does not include any allegations against these defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

Furthermore, Defendant Rednour cannot be held liable for the alleged violation of Plaintiff's constitutional rights merely because he is the chief administrator of the prison. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the

8

deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

Accordingly, Defendants Rednour and Stiler will be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT ONE** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice to any state court claim.  **COUNT TWO** shall receive further consideration.  Defendants **REDNOUR** and **STILER** are **DISMISSED** from this action with prejudice.  Defendant **CRAIG** is dismissed from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file his Second Amended Complaint, naming the individual Defendants responsible for the alleged deprivations in Count Two, within 35 days of the entry of this order (on or before July 30, 2012). Failure to file an amended complaint may result in dismissal of the claims in Count Two pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**DATED: 6/25/2012**

s/MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge

9